# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD L. MCELRATH,

          Petitioner,

v.

LAURA P. SETTE,

          Respondent.

Case No. 20-CV-195-JPS

**ORDER**

On February 7, 2020, Petitioner, currently incarcerated at the Milwaukee Secure Detention Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ostensibly to claim that a state court conviction and sentence were imposed upon him in violation of the Constitution. (Docket #1). As an initial matter, the Court must screen the petition under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to promptly examine the petition and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief."

There are numerous problems with the petition, but the Court need only discuss two to explain why dismissal of the case is appropriate. First, the petition is so confused and incoherent that it is impossible to determine what Petitioner's crime was and the course of his state court proceedings. The Court surmises that Petitioner may be currently incarcerated for probation violations. The petition does not explain what those violations were or when a judgment of conviction was issued, if ever. Without this information, the Court cannot find that Petitioner has stated any viable claims for relief, as Section 2254(a) only permits a prisoner to challenge "the

judgment of a State court[.]" Further, the petition is also unclear about whether any such judgment was appealed through the Wisconsin Court of Appeals and Supreme Court. If Petitioner failed to exhaust these avenues for appeal, the Court could likewise not hear his case. *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001).

Second, some or all of the petition's claims for relief are not in the nature of habeas corpus. They do not appear to challenge the fact or duration of Petitioner's confinement, but instead complain of food problems in the institution and "torture" by use of an electromagnetic machine. These are claims for violations of Petitioner's constitutional rights independent of the validity of Petitioner's criminal conviction. Petitioner also fails to actually request habeas-type relief. Rather, he wants money damages and for the Court to charge the defendants with criminal conduct. Assuming that Petitioner merely forgot to request habeas relief, the Court notes that a claim for damages cannot be brought alongside such a request. Section 2254 is the exclusive vehicle for habeas relief, and 42 U.S.C. § 1983 is the method by which claims for violations of constitutional rights may be brought in federal court. These actions have "different conditions, different defendants (or respondents), and different consequences on either success or an adverse outcome." *Lacy v. Indiana*, 564 F. App'x 844, 845 (7th Cir. 2014).

In light of the foregoing, the Court will dismiss this action without prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's assessment of the petition was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to this petition.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge